# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ZURICH AMERICAN INSURANCE COMPANY,

    Interpleader Plaintiff,

v.

GEORGE A. CAMPBELL; THE EICHHOLZ LAW FIRM, P.C.; VANESSA A. HAMPTON; STATE OF FLORIDA DEPARTMENT OF REVENUE; PINELLAS COUNTY CLERK OF CIRCUIT COURT; UNITED STATES OF AMERICA; BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES; and PACIFIC LEGAL FUNDING, LLC;

    Defendants.

CASE NO. CV416-034



## O R D E R

Before the Court is Plaintiff's Motion for Discharge, Dismissal With Prejudice, and Injunctive Relief (Doc. 47), to which no objections have been filed.[1] In its motion, Plaintiff requests that the Court discharge Plaintiff from further liability, dismiss Plaintiff from the case, and enter an order permanently restraining Defendants from instituting or prosecuting any proceeding against Plaintiff

---

[1] The Government merely notes that any fees or costs awarded to Plaintiff may be "limited to the extent such an award would infringe on a federal tax lien that attaches to such fund." (Doc. 48 at 1.)

in connection with the personal injury claim referenced in Plaintiff's complaint. (Id. at 5.)

Plaintiff states in its Complaint for Interpleader that Defendant Campbell alleged that he was injured by Savannah Motor's Inc. (Doc. 1 at 3.) Plaintiff—Savannah Motors, Inc.'s insurer—settled the claim for $25,000. (Id.) Liens in the amount of $71,925.01 have been asserted against the settlement proceeds including an attorney's lien, a federal tax lien, a Medicare lien, child support payments and other judgments. (Id. at 4-5.) Because of these conflicting claims, Plaintiff is unable to determine to whom it should pay the settlement proceeds. Plaintiff instituted interpleader proceedings on January 29, 2016 and has since deposited the settlement proceeds into the registry of the Court. Both Defendant Eichholz Law Firm, P.C. ("Eichholz") and Defendant George A. Campbell ("Campbell") have filed counterclaims against Plaintiff. (Doc. 26; Doc. 31.) However, these "counterclaims" include no allegations of wrongdoing on the part of Plaintiff. Instead, Defendants Eichholz and Campbell merely request that the Court enter an order directing payment to Defendant Eichholz first with the remainder paid to Defendant Campbell. (Doc. 26 at 4; Doc. 31 at 4.)

Interpleader actions proceed in two stages. First, the Court determines whether interpleader action is proper and "whether to discharge the stakeholder from further liability to claimants" and second, to evaluate "the respective rights of the claimants to the interpleaded funds." Ohio Nat. Live Assur. Corp. v. Langkau, 353 F. App'x 244, 248 (11th Cir. 2009) (quotation omitted). For the purposes of the current motion, the Court need only determine whether to discharge Plaintiff from further liability to the claimants. In this respect, "[t]he primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder (the so-called first stage of interpleader) is whether the stakeholder legitimately fears multiple vexation directed against a single fund." 7 Charles Alan Wright, Arthur R. Miller Miller & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2016). Here there is no question that Plaintiff would likely be subject to double exposure for competing claims absent an interpleader action. Plaintiff is also disinterested stakeholder in this action—considering that Plaintiffs Eichholz and Campbell have failed to object to Plaintiff's motion or assert any claims against Plaintiff outside of the interpleader action.[2]

---

[2] Plaintiff Eichholz and Campbell's counterclaims are

Moreover, Plaintiff has deposited the policy proceeds into the registry of the Court and has no further liability in this case.

For the foregoing reasons and after careful consideration, Plaintiff's motion is **GRANTED**.[3] Defendants are hereby **PERMANENTLY ENJOINED** from bringing or maintaining any action against Plaintiff concerning the settlement proceeds. The Clerk of Court is **DIRECTED** to **TERMINATE** Plaintiff as a party in this case.

SO ORDERED this 27th day of July 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

accordingly **DISMISSED AS MOOT**.
[3] While Plaintiff mentioned the Court's ability to award attorneys' fees and costs at its discretion, the Plaintiff made no formal request for such fees. As a result, the Court declines to award Plaintiff attorneys fees and costs. (Doc. 47 at 4.)